UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VANESSA ALLEN HATCHER,   )<br>   )<br>  Petitioner,   )<br>   )<br>  vs.   )<br>   )<br>   )<br>UNITED STATES OF AMERICA.   )<br>   )<br>  Respondent   )  | Case No. 1:10-cv-704-SEB-MJD<br>Case No. 1:08-cr-31-SEB-KPF-1 |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Directing Entry of Final Judgment**

For the reasons explained in this Entry, Vanessa Allen Hatcher's request for relief pursuant to 28 U.S.C. § 2255 and for an evidentiary hearing is **denied**. A certificate of appealability is also **denied**.

### I. Background

On June 17, 2008, Vanessa Allen Hatcher pled guilty to Conspiracy to Use Fire to Commit Mail Fraud pursuant to a written Plea Agreement. The Plea Agreement provided that Hatcher would plead guilty to Count 1 of the Indictment and that, at sentencing, the United States would move to dismiss Counts 2, 3, 4, and 5 of the Indictment. The Plea Agreement expressly provided that the United States could argue for the imposition of a sentence above the guidelines range determined to be applicable, also expressly noting that the guidelines were advisory and not binding on the Court. Plea Agreement ¶ 2. Additionally, the Plea Agreement referenced Hatcher's understanding that "the Court will consider the factors set forth

in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range." *Id.*

On September 17, 2008, Hatcher was sentenced based on the sentencing considerations set forth in 18 U.S.C. § 3553(a)(1). The Court departed upward in fashioning its sentence, imposing a term of imprisonment of 121-months followed by three years of supervised release. The Court ordered restitution in the amount of $2,299,321.18 and imposed the mandatory assessment of $100. Hatcher appealed her sentence to the Seventh Circuit, arguing "generally that her 121-month sentence was unreasonable." *United States v. Hatcher*, 329 Fed. Appx. 26, 27 (7th Cir. 2009) (unpublished). On June 8, 2009, the Seventh Circuit affirmed Hatcher's sentence. *Id.* at 29 ("When a sentencing judge, as here, has 'made a searching evaluation of a defendant's case, applied the statutory mandated factors to the sentence and clearly articulated why the given defendant warrants a sentence that would be a departure from the correct range, the sentence is reasonable.'")

Now before the court is Hatcher's motion for post-conviction relief in which she seeks a sentence reduction under the theory that she was provided ineffective assistance of counsel.

## II. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. U.S.*, 113 F.3d 704, 705 (7th Cir.1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the

files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Hatcher claims that she is entitled to relief under § 2255 because her counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing: (1) that her trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *U.S. v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the Strickland test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. U.S.*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Hatcher asserts that her trial counsel was ineffective in his representation of her at the sentencing proceeding and on appeal in failing to object to the Presentence Investigation Report, failing to argue effectively at sentencing, failing to raise a challenge under Rule 32 of the *Federal Rules of Criminal Procedure* and misinforming her of the sentence she was likely to receive. Hatcher additionally alleges that her counsel was ineffective on appeal. For the reasons

explained below each of Hatcher's specifications of ineffective assistance of counsel is without merit and her petition must be denied.

### A. Presentence Investigation Report

First, Hatcher asserts that her counsel should have challenged the accuracy of the Presentence Investigation Report ("PSR"). But Hatcher herself voiced no objections to the PSR during her colloquy with the Court. Even now, Hatcher has failed to identify any inaccuracy in the PSR which resulted in Hatcher's receiving a sentence above her advisory guidelines range. In fact, Hatcher's sentence was the result of the Court's extensive, careful, individualized assessment of the 18 U.S.C. § 3553(a) factors in conjunction with the PSR and the advisory sentencing guidelines. In addition, this Court's reasoning and methodology in fashioning Hatcher's sentence was specifically scrutinized and approved by the Seventh Circuit in Hatcher's direct appeal. *See United States v. Hatcher*, 329 Fed. Appx. at 27-28. No relief on this basis is thus called for. See *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

### B. Advocacy at Sentencing

Next, Hatcher suggests that, if her attorney had argued more effectively on her behalf at sentencing, she would have received a lesser sentence. More specifically, Hatcher argues that her sentence was disproportionately severe compared to her co-defendants. But, Hatcher fails to articulate what argument(s) her counsel could have advanced on this issue which would have helped her cause. Hatcher argues that the Court never "heard or read any accurate disparity in the sentences of the co-defendants." Reply, dkt 10 at p.2. This assertion is inconsistent with the record. As discussed at sentencing, Hatcher's role in the offense resulted in a significantly higher

sentence than her co-defendants, including Mr. Allen, in part because Hatcher was the director of the conspiracy, responsible for nearly 40 fires causing losses of $2.3 million and injuring two people. These crimes defaced a major swath of the community, instilling fear in the citizenry. Sent. Trans. 28-40.

To the extent Hatcher argues that there was a "motion filed by the Government asking for the imposition of a sentence above the advisory guidelines range" of which she was not made aware, she is mistaken. Pet. Reply, dkt. 10 at p.3. The docket reflects no such written motion. Instead, the government provided the Defendant and her counsel with both notice and an opportunity to respond by advocating during the sentencing hearing for a sentence above the advisory guidelines range.

    C.    *Rule 32(h) of the Federal Rules of Criminal Procedure*

Hatcher's third argument is that her counsel should have argued that this Court violated Rule 32(h) of the Federal Rules of Criminal Procedure by imposing an upward departure from the sentencing guidelines without first providing notice of the Court's intention to do so. Rule 32(h) provides that: "Notice of Possible Departure from Sentencing Guidelines: Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."

At sentencing, the Court announced its intended sentence prior to final imposition, thus providing an opportunity to object or ask for further elaboration of the reasons for the intended sentence. Sent. Trans. 39-43. No objections followed and the sentence was officially imposed. *Id.* at 44. In addition, the Court relied on the factors set forth in 18 U.S.C. § 3553, the PSR and the stipulated

facts in determining Hatcher's sentence. There is no basis on which to find that the Court violated Rule 32(h). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (holding that Rule 32(h) "does not apply to 18 U.S.C. § 3553 variances by its terms"); *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006) (holding that Rule 32(h) does not apply when a district court exercises its discretion and makes an upward variance based on factors specified in § 3553(a)). In addition, because the guidelines are advisory in nature, *see United States v. Booker*, 543 U.S. 220 (2005), the risk of unfair surprise that led to the creation of Rule 32(h) is no longer present. *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006). *See also United States v. Vampire Nation*, 451 F.3d 189, 195-96 (7th Cir. 2006) ("the 'unfair surprise' considerations that motivated the enactment of Rule 32(h)" are no longer applicable.). Accordingly, this alleged error lacks legal merit. Counsel is not ineffective for failing to raise issues or challenges under the § 3553 rubric. *See, e.g., Stewart v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) ("failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel.").

      Hatcher also alleges in onclusory fashion that her counsel was ineffective in failing to appeal this issue. Because there was no violation of Rule 32(h), there was no meritorious issue for Hatcher's counsel to appeal.

      D.    *Anticipated Sentence Miscalculation*

      Hatcher asserts that her counsel failed to advise her accurately as to the sentence she might receive. Such a "miscalculation, standing alone, could never suffice to demonstrate deficient performance unless the inaccurate advice resulted from the attorney's failure to undertake a good-faith analysis of all of the relevant facts and applicable legal principles." *Bridgemen v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Hatcher has made no showing

that any such "failure to undertake a good-faith analysis" by her counsel occurred or that her counsel failed to understand "the relevant facts and applicable legal principles" that resulted in her sentence. The fact that Hatcher received a more severe sentence than she (and perhaps her trial counsel) expected does not demonstrate any ineffectiveness on her counsel's part. The Court fully apprised her of the applicable range of the sentencing options at her change of plea hearing (including the maximum period of incarceration of 20 years for the offense charged in Count I) and Hatcher does not present any evidence that the result of the proceedings would have been different had her trial counsel correctly guessed the sentence the court ultimately imposed.

### E.     Direct Appeal

Finally, Hatcher asserts that her counsel was ineffective on direct appeal. Counsel is ineffective with respect to an appeal only when that counsel fails to raise issues that were (1) obvious; and (2) clearly stronger that those presented. *See Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). Hatcher has not identified any such issues. "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record." *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993).

### III.  Evidentiary Hearing

Hatcher includes but without development the contention that she is entitled to an evidentiary hearing on the issues raised in this § 2255 motion. "A § 2255 petitioner is entitled to an evidentiary hearing on [her] claim where [she] alleges facts that, if true, would entitle [her] to relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir.

2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting 28 U.S.C. § 2255(b)). For the reasons explained above, the record in this case conclusively establishes that Hatcher is not entitled to relief making any such hearing unnecessary. Therefore, her request for an evidentiary hearing is **denied.**

### IV. Conclusion

For the reasons explained above, Hatcher has failed to demonstrate a constitutional violation warranting collateral relief. The docket and transcript in this action show conclusively that Hatcher is not entitled to the relief she seeks. Hatcher's counsel at sentencing and on appeal was competent. Accordingly, Hatcher's motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Hatcher has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/25/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VANESSA ALLEN HATCHER
#08772-028
LEXINGTON - FMC
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

All Electronically Registered Counsel